**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CROSSROADS GRASSROOTS POLICY STRATEGIES,** ) ) ) | |
| **Plaintiff,** ) | Civil Action No. 11-2202 (ABJ) |
| ) | |
| v. ) | ECF |
| ) | |
| **U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,** ) ) ) | |
| **Defendant.** ) | |

## DEFENDANT'S ANSWER

Defendant, United States Department of Health and Human Services, by and through its undersigned counsel, hereby answers the Complaint (ECF No. 1) as follows:

### FIRST DEFENSE

Defendant has not improperly withheld any records in response to Plaintiff's request submitted under the Freedom of Information Act ("FOIA"), 5 U.S. C. § 552, as amended.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, Defendant admits, denies and otherwise avers as follows:

### JURISDICTION AND VENUE

1. This paragraph contains a statement of jurisdiction to which no response is required; to the extent a response is required, Defendant denies the allegations in this paragraph.

2. This paragraph contains a statement of venue to which no response is required; to the extent a response is required, Defendant denies the allegations in this paragraph.

## PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4. Defendant admits the allegations contained in this paragraph.

## STATEMENT OF FACTS

5. Defendant admits that Plaintiff submitted a FOIA request dated April 19, 2011. Defendant further avers that the actual FOIA request is the best evidence of its contents.

6. Defendant admits the allegations in this paragraph.

7. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

8. Defendant admits that HHS sent an acknowledgment postcard dated April 22, 2011. Defendant further avers that the actual postcard is the best evidence of its contents.

9. Defendant admits that CMS sent an acknowledgment letter dated April 26, 2011. Defendant further avers that the actual letter is the best evidence of its contents.

10-22. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the averments relating to the alleged telephonic contacts or attempted contacts by Plaintiff's counsel with the CMS FOIA Office between May 24, 2011 and October 18, 2011. Defendant further avers that it does not deny that Plaintiff's counsel initiated such contacts and admits that it had not responded to Plaintiff's request as of October 18, 2011.

23. Defendant admits that Crossroads faxed a letter to Defendant on October 18, 2011. Defendant further avers that the actual letter is the best evidence of its contents.

24. Defendant admits that Crossroads faxed a letter to Defendant on October 18, 2011. Defendant further avers that the actual letter is the best evidence of its contents.

25. Defendant denies the allegations contained in this paragraph and further avers that Defendant has advised Plaintiff in an interim response that much of the information responsive to Plaintiff's request is publicly available on Defendant's website. Defendant has also informed Plaintiff that it will be producing additional responsive information in subsequent interim responses.

26. Defendant denies the allegations contained in this paragraph and further avers that Defendant has advised Plaintiff in an interim response that much of the information responsive to Plaintiff's request is publicly available on Defendant's website. Defendant has also informed Plaintiff that it will be producing additional responsive information in subsequent interim responses.

27. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT I

**(Violation of Freedom of Information Act, 5 U.S.C. § 552)**

28. Defendant reincorporates its responses to paragraphs 1-27.

29. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

30. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## **RELIEF REQUESTED**

The remaining unnumbered paragraphs of the Complaint consist of Plaintiff's request for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief from Defendant.

## **GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint that was not admitted or otherwise qualified.

**WHEREFORE**, having fully answered, Defendant respectfully prays that Plaintiff's Complaint be dismissed with prejudice and judgment be entered in favor of Defendant and requests such further relief as the Court deems appropriate.

        Respectfully submitted,

        RONALD C. MACHEN JR, DC Bar # 447889
        United States Attorney for the District of Columbia

        RUDOLPH CONTRERAS, DC Bar # 434122
        Chief, Civil Division

By:   /s/
    JOHN G. INTERRANTE
    PA Bar # 61373
    Assistant United States Attorney
    Civil Division
    555 4th Street, NW, Room E-4808
    Washington, D.C. 20530
    Tel: 202.514.7220
    Fax: 202.514.8780
    Email: John.Interrante@usdoj.gov

Of counsel:

Chris Hammond
General Law Division
Office of the General Counsel
U.S. Department of Health and Human Services
330 Independence Avenue, SW
Room 4760 - Cohen Building
Washington, DC 20201